UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKENDER KAJOSHAJ,

        Plaintiff,

v.                                                        Case No:   2:14-cv-170-FtM-29CM

CIRCLE K STORES, INC.,

        Defendant.

_____

### ORDER

Before the Court are Defendant's Motion for Protective Order Regarding Production of Surveillance Tape ("Motion for Protective Order") (Doc. 5), filed on March 24, 2014, Defendant's Memorandum of Law in Support of Defendant's Motion for Protective Order Regarding Production of Surveillance Tape (Doc. 6), filed on March 26, 2014, Plaintiff's Motion to Compel Production of Video Surveillance and Other Photographic Material of Accident and Accident Scene ("Motion to Compel") (Doc. 12), filed on April 24, 2014, and Defendant's Response in Opposition to Plaintiff's Motion to Compel Production of Video Surveillance and Other Photographic Material of Accident and Accident Scene and Memorandum of Law in Support Thereof ("Response in Opposition") (Doc. 18), filed on May 9, 2014 (collectively, "Motions").

Although the parties may have engaged in some discovery while the case was pending in state court, pursuant to Rule 26(d), Federal Rules of Civil Procedure, parties are prohibited from seeking discovery prior to conferring as required by Rule

26(f).   Fed. R. Civ. P. 26(d); Fed. R. Civ. P. 26(f).   The Related Case Order and Track Two Notice entered in this case on May 8, 2014 directs the parties to meet and prepare a Case Management Report and specifically states: "Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting."   Doc. 16 at 1 (citing Fed. R. Civ. P. 26(d); M.D. Fla. R. 3.05(c)(2)(B)).

Since there is no indication that the parties have completed their Case Management meeting, the Motions will be denied without prejudice.   Should they choose to do so, the parties may refile the Motions at the appropriate time after they have completed the Case Management meeting in accordance with the Court's prior Order.   The parties are reminded, however, that all filings must comply with the Middle District of Florida Local Rules.[1]

ACCORDINGLY, it is hereby

**ORDERED:**

1.     Defendant's Motion for Protective Order Regarding Production of Surveillance Tape (Doc. 5) is **DENIED WITHOUT PREJUDICE**.

---

[1] In its Response in Opposition, Defendant argues that "Plaintiff's Motion should be denied as Plaintiff failed to confer with the undersigned counsel before filing this Motion and failed to make a good faith effort to resolve the issues raised in the Motion in violation of Local Rule 3.01(g)."   Doc. 18 at 3.

Local Rule 3.01(g) requires the parties to meet and confer before filing "any motion in a civil case" except as to certain motions not presently before the Court.   M.D. Fla. R. 3.01(g). It is therefore worth noting that, although Plaintiff's Motion to Compel does not include the certification required by Local Rule 3.01(g), neither does Defendant's Motion for Protective Order.   *See* Doc. 5.

2.     Plaintiff's Motion to Compel Production of Video Surveillance and Other Photographic Material of Accident and Accident Scene (Doc. 12) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 23rd day of May, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record