UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SKENDER KAJOSHAJ,

    Plaintiff,

v.                                    Case No: 2:14-cv-170-FtM-29CM

CIRCLE K STORES, INC.,

    Defendant.

## ORDER

This matter comes before the Court on plaintiff's Amended Motion for Remand (Doc. #10) filed on April 18, 2014.[1] Defendant filed a Response in Opposition (Doc. #14) on May 2, 2014. Plaintiff argues that the removal was untimely, and in the alternative, that the amount in controversy was not established by a preponderance of the evidence at the time of removal.

**A. Timeliness**

The Complaint (Doc. #2) was originally filed in state court on October 21, 2013. Defendant appeared and filed an Answer and Defenses (Doc. #3) on December 6, 2013, but did not file a Notice of Removal until March 24, 2014. On the face of the Complaint (Doc. #2), plaintiff seeks the state jurisdictional amount of $15,000.00, but does not otherwise plead a specific amount of damages. Therefore, the Complaint did not provide a basis for

---

[1] Plaintiff filed two previous versions that will be denied as moot.

removal within 30 days of receipt.  28 U.S.C. § 1446(a).  "[I]f if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  In this case, defendant removed upon review of plaintiff's Answers to Defendant's Interrogatories (Doc. #14-2), which were provided on February 28, 2014, alleging medical expenses totaling $107,498.54.  The Court finds that the Complaint was timely removed within 30 days of the February 28, 2014, Answers.

**B. Amount in Controversy**

As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  The parties do not dispute the diversity of their citizenship and the Notice of Removal alleges that the parties are citizens of different States.  (Doc. #1, ¶ 3.)  Thus, the issue is whether defendant has shown that it is more likely than not that the amount in controversy exceeded $75,000, exclusive of interest and costs, at the time of removal. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010). "[C]ourts may use their judicial experience and common sense in

determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062.

When the amount in controversy is not apparent on the face of the Complaint, the Court looks to the Notice of Removal and defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the federal jurisdictional amount. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). In doing so, defendant may use affidavits, declarations, or other documentation. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 755 (11th Cir. 2010). The Court finds, without speculating as to the lost wages or permanent injuries, the incurred medical expenses more than adequately meet the requisite amount in controversy and that defendant met its burden.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's previously filed Motions for Remand (Docs. #7, #8) are **DENIED** as moot in light of the amended filing.

2. Plaintiff's Amended Motion for Remand (Doc. #10), along with the request for attorney's fees and costs, is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __17th__ day of June, 2014.

_/s/ John E. Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record